IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Efrain Thomas, #314836, )
)
         Petitioner, )
) Civil Action No. 5:16-1764-BHH
v. )
) **ORDER**
Warden, Perry Correctional Institution, )
)
         Respondent. )
_____)

This matter is before the Court on Efrain Thomas's ("Thomas" or "Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 29, 2017, Respondent filed a motion for summary judgment. After being granted several extensions of time, Plaintiff, through counsel, filed a response to the motion on December 20, 2017.[1] Respondent filed a reply on December 27, 2017.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On January 31, 2018, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report"), finding that Petitioner failed to timely file the instant petition and recommending that the Court grant Respondent's motion for summary judgment. Petitioner filed written objections to the Report, as well as motions to file attachments to the objections out of time. The Court granted counsel's motions to file attachments out of time (ECF Nos. 59 and 60) in a text order (ECF No. 62) and instructed counsel to file the attachments on or before February 21, 2018. Counsel misread the Court's text order and on February 26, 2018, he

---

[1] Thomas initially filed his petition pro se, but on November 20, 2017, William Glenn Yarborough, Esq., filed a notice of appearance on Petitioner's behalf.

filed another motion to file the attachments out of time. In this motion, counsel also withdraws his request for additional discovery. After review, the Court grants counsel's motion to file attachments out of time and to withdraw his request for additional discovery (ECF No. 64), and the Court will consider Petitioner's objections below.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

This Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion(s) of the Report to which the objection is made and the basis for the objection. *Id.* After a review of the record, including the Report and Petitioner's objections, the Court finds that the Magistrate Judge adequately and accurately summarized the facts and applied the correct principles of law.

### II. Legal Standard for Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See*

*Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

### I.  The AEDPA's Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Next, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the

merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in state court habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time during which the United States Supreme Court considers a petition for certiorari, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

Here, as the Magistrate Judge noted, Petitioner filed a direct appeal of his conviction and sentence with the South Carolina Court of Appeals. The appellate court affirmed Petitioner's conviction and sentence on January 22, 2009. In accordance with *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012), Petitioner's conviction became final when the time for seeking review with the South Carolina Supreme Court expired. According to Rule 242(c) of the South Carolina Appellate Court Rules, a decision of the South Carolina Court of Appeals "is not final for purpose of review by the South Carolina Supreme Court until the petition for rehearing or resinstatement has been acted on by the Court of Appeals." *See also Bellamy v. Warden, Lieber Correctional Inst.*, No. 4:16-3807-RMG, 2017 WL 880811,

4

at *2 (D.S.C. March 3, 2017) ("The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur."). Here, as the Magistrate Judge noted, Petitioner did not file a petition for rehearing so his conviction became final on February 6, 2009, after the fifteen-day time period for filing a petition for rehearing expired. *See* SCACR 221(b) (providing that petitioners for rehearing must be received by the appellate court no later than fifteen days after the filing of the opinion, order, judgment, or decree).

Petitioner filed his first application for post-conviction relief ("PCR") on September 11, 2009, and the one-year limitations period was tolled while the PCR remained pending. 28 U.S.C. § 2244(d)(2). The Magistrate Judge determined that when Petitioner filed his first PCR application, 217 days had passed since the final disposition of Petitioner's direct appeal.[2] The PCR court denied Petitioner's PCR application, and Petitioner appealed. On April 9, 2015, the South Carolina Supreme Court denied a petition for certiorari, and the Clerk of Court for Lee County received the remittitur on April 30, 2015. At that point, the Magistrate Judge determined that Petitioner had 148 days to timely file his § 2254 petition, or until September 25, 2015.[3] However, Petitioner did not initiate these proceedings until

---

[2] Petitioner argues that the starting date for the statute of limitations should be February 12, 2009, which is the date of the filing of the remittitur of Petitioner's direct appeal with the Lee County Court, rather than February 6. (ECF No. 53 at 5.) Petitioner also asserts that the time between February 12, 2009, and June 16, 2009, should be tolled because Petitioner sent a letter to appellate counsel requesting counsel to seek a writ of certiorari to the South Carolina Supreme Court. Petitioner next asserts that tolling should begin again on September 9, 2009, rather than September 11, 2009, because September 9 is the date marked on his memorandum and his letter sent to the Clerk of Court for Lee County. Using these dates, Petitioner asserts that 86 days of the limitations period would have passed prior to the filing of Petitioner's first PCR.

[3] Petitioner argues that the time period should not begin to run again until May 1, 2015, rather than April 30. According to Petitioner, based on the calculations set forth in footnote 2, his statute of limitations expired 279 days later on February 4. 2016. As the Magistrate Judge noted, Petitioner admits that he "filed the instant petition one hundred twelve (112) days beyond the AEDPA statute of limitations period on May 25, 2016." (ECF No. 53 at 6.)

5

he delivered his petition to the mail room on May 25, 2016, which was 243 days too late. Here, because even the Petitioner admits that his petition was filed 112 days too late (using his suggested dates to calculate the time), the Court agrees with the Magistrate Judge that Petitioner failed to timely file his petition in accordance with the AEDPA's statute of limitations.

In her Report, the Magistrate Judge next considered whether Petitioner was entitled to equitable tolling. As the Magistrate Judge noted, a petitioner seeking equitable tolling generally bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The Fourth Circuit has indicated that circumstances rarely will warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Under the Fourth Circuit's "extraordinary circumstances" test, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th

---

Petitioner also filed a second PCR application on May 11, 2015; however, the application was dismissed as successive and untimely and was therefore not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and did not toll the statute of limitations.

Cir. 2003).

Ultimately, the Magistrate Judge determined that Petitioner failed to demonstrate that he was diligent in pursuing his rights and that extraordinary circumstances prevented him from filing his petition on time. In so determining, the Magistrate Judge rejected Petitioner's request for equitable tolling of the time when Petitioner asked his appellate counsel to petition the South Carolina Supreme Court for a writ of certiorari to review the dismissal of his direct appeal. Specifically, the Magistrate Judge found that the alleged attorney error was not an extraordinary circumstance and did not justify equitable tolling. In addition, the Magistrate Judge rejected Petitioner's argument that frequent lockdowns and lack of access to the law library were extraordinary circumstances that prevented him from filing his petition on time.

In his objections, Petitioner first objects to the Magistrate Judge's determination that Petitioner is not entitled to equitable tolling of the time when Petitioner's appellate counsel should have sought review of the dismissal of Petitioner' direct appeal.[4] In his supplemental attachments to his objections, Petitioner includes a letter dated February 5, 2009, from Petitioner to his appellate counsel asking counsel to file a petition for rehearing, which counsel did not do. (ECF No. 65-2 at 1.) In addition, Petitioner includes the letter he received from the South Carolina Commission on Indigent Defense in response, which is dated July 1, 2009, and states: "At the time you wrote this letter, February 9th, 2009, the time period for Mr. Savitz to file a motion for rehearing had already ended. Therefore, Mr.

---

[4] In his objections, Petitioner also asserts that the Magistrate Judge erred in concluding that Petitioner was not entitled to additional discovery and in issuing the Report before ruling on Petitioner's motion to expand the record. In his motion to file supplemental exhibits out of time, however, Petitioner withdraws his request for additional discovery, and because the Court has permitted Petitioner to file the additional attachments he received from Respondent, the Court finds these objections moot.

7

Savitz is unable to file a motion for rehearing of your case." (ECF No. 65-3.) In his objections, Petitioner asserts that between February and July of 2009 he "had no other indication that further review had not been sought per his request or that the statute of limitations to file the instant petition had begun to tick again." (ECF No. 58 at 5.)

After consideration of the supplemental exhibits filed by Petitioner, it appears that he was diligent in pursuing his rights following the dismissal of his direct appeal, insofar as he asked counsel to file a petition for rehearing, and counsel failed to do so. The critical question, then, is whether counsel's failure constitutes an extraordinary circumstance that warrants equitable tolling.

In *Holland*, the Supreme Court noted that it "previously held that 'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." 560 U.S. at 651-52 (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990), and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), respectively). The *Holland* Court determined, however, that the facts at issue presented "far more serious instances of attorney misconduct" that may amount to an extraordinary circumstance warranting equitable tolling. *Id.* at 652. The Court stated:

> To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired–two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial facts that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

8

560 U.S. at 652. The Court did not decide the ultimate issue in *Holland* and instead remanded the case for the lower court to consider the facts of the case. *Id.* at 653.

After review, the Court finds that the facts of *Holland* are far afield from the facts of this case. In *Holland*, the attorney's multiple professional violations "seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence." *Id.* at 653. Here, counsel's error did not actually result in Petitioner being unable to seek federal habeas review as it is undisputed that Petitioner still had time following the completion of his first PCR application to timely file the instant petition. Thus, the Court agrees with the Magistrate Judge that Petitioner's counsel's error is more akin to a "garden variety claim of excusable neglect" that does not warrant equitable tolling. In fact, the Court notes that even if it were to find that counsel's failure constitutes an extraordinary circumstance, such that the Court should equitably toll the time until Petitioner learned of counsel's error, such tolling would not by itself resolve Petitioner's timeliness issue. This is because, even if the Court agreed with Petitioner and equitably tolled the time between February of 2009 until Petitioner learned of counsel's error in July of 2009, Petitioner still filed the instant petition 91 days too late,[5] that is, unless Petitioner can succeed on his next argument for equitable tolling based on frequent lockdowns and lack of access to the law library.

---

[5] If the Court equitably tolled the time until Petitioner learned that counsel had not filed a petition for rehearing, 66 days passed between July 5, 2009 (giving Petitioner the benefit of three days' mail time to receive the letter), and September 9, 2009 (Petitioner's preferred PCR filing date). Then another *390 days* (25 days more than a year) passed between May 1, 2015 (Petitioner's preferred date for starting the clock following the conclusion of his first PCR application), and May 25, 2016 (the date Petitioner filed this petition), resulting in the petition being filed 91 days past the one-year deadline. In fact, even if the Court went so far as to equitably toll *all* of the time until May 1, 2015, Petitioner still filed the instant petition some 25 days too late.

9

In his objections, Petitioner also objects to the Magistrate Judge's conclusion that frequent lockdowns and a lack of access to the law library do not constitute extraordinary circumstances that warrant equitable tolling. Specifically, Petitioner asserts that he was diligent in pursuing his rights but that the frequent lockdowns and staff shortages limited his access to the law library, thereby preventing him from timely filing the instant petition. In support of his argument, Petitioner relies on the supplemental attachments he received from the South Carolina Department of Corrections as a result of a subpoena dated February 9, 2018. These attachments include approximately 120 pages of sign-in sheets for the Perry Law Library; however, the majority of the names are redacted and Petitioner's name only appears twice. The remaining sheets are marked as "Education start date 12-18-15 end date 5-12-17" (ECF No. 65-5 at 130) and appear to be some sort of handwritten logs of daily events, although even Petitioner admits that they are "unclear in their substance." (ECF No. 58 at 7.)

After review, the Court agrees with the Magistrate Judge that Petitioner has not shown that he demonstrated the kind of reasonable diligence required to equitably toll the time following the conclusion of his PCR application. *See Smith v. Bodison*, No. 2:09-489-HFF-RSC, 2009 WL 2340648, *8 (D.S.C. 2009) (concluding that the petitioner was not diligent when he waited one month after discovering that his PCR appeal was decided to file his petition for habeas corpus). Moreover, the Court finds that the additional documents filed by Petitioner do not demonstrate that frequent lockdowns and lack of access to the law library prevented Petitioner from timely filing his petition. Thus, the Court agrees with the Magistrate Judge that these circumstances are not "extraordinary." *Edens v. Eagleton*, 2014 WL 692872 (D.S.C. Feb.21, 2014) (noting that prison conditions, such

as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling and quoting *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004)); *Wright v. McFadden*, 2014 WL 6666681, (D.S.C. Nov. 24, 2014) ("[T]his District has widely recognized that [p]rison conditions, such as lockdowns . . . , are not normally grounds for equitable tolling.") (quoting *Gleaton v, Bush*, No. 4:14-cv-890, 2014 WL 5527826, at *7 (D.S.C. Oct. 31, 2014)) (internal quotation marks omitted); *Jenkins v. Johnson*, 2009 WL 1923938 (E.D. Va. 2009) (stating that "delays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling") (citations omitted). As the Magistrate Judge explained:

> Petitioner characterizes these conditions as "severe." *Id.* at 10, 13-14. But even when viewed in a light most favorable to Petitioner, the undersigned disagrees. As previously discussed, [ ] Petitioner had 148 days after the completion of his PCR on April 30, 2015 to file his habeas petition. His deadline was therefore September 25, 2015. Petitioner did not file until May 25, 2016–243 days or eight months beyond the deadline. Even if the lockdowns lasted for "weeks on end" or "a month straight," Petitioner had ample time during the close to five month period (148 days) after completion of his PCR to timely file, not to mention the eight months that followed the expiration of the statute of limitations before he actually filed. Given this much time, Petitioner has failed to show how the circumstances that prevented him from timely filing were "beyond his control." *See Rouse*, 339 F.3d 246.

(ECF No. 57 at 22.)

Lastly, the Court notes that in his initial pro se filing, Petitioner provides the following explanation of the timeliness of his petition:

> The petition should be considered timely, and any delay is entitled to equitable tolling as the State of South Carolina has an inadequate corrective process (PCR and PCR Appeal) that prevented Petitioner from adjudicating all his federal claims in the first PCR and PCR appeal. Thus, equitable tolling principles is [sic] applicable where circumstances beyond Petitioner['s]

11

control denied him his right to one full round of the State corrective process
for adjudicating the merits of Petitioner's underlying federal claims.

(ECF No. 1 at 13-14.) Notably, nowhere does Petitioner allege that prison lockdowns or lack of access to the law library–both circumstances of which he would have been aware if they had been an issue–prevented him from timely filing his petition.[6] Rather, he complains that the PCR process is to blame for the untimeliness of his petition.

Based on the foregoing, the Court agrees with the Magistrate Judge that Petitioner is not entitled to equitable tolling.

## **CONCLUSION**

After careful review, the Court agrees with the Magistrate Judge's analysis and finds that the instant petition is untimely and that the circumstances of this case do not warrant equitable tolling. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 57) to the extent it is consistent with this order; the Court overrules Petitioner's objections (ECF No. 58); the Court grants Petitioner's motion for leave to file attachments and incorporated motion to withdraw discovery request (ECF No. 64); and the Court grants Respondent's motion for summary judgment (ECF No. 20) and dismisses this petition as untimely.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 12, 2018
Charleston, South Carolina

---

[6] In addition, the Court notes as a practical matter that prison lockdowns and lack of access to the law library did not prevent Petitioner from filing a second PCR application during the applicable time period.

12

# **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

In South Carolina, pursuant to Rule 203(b)(2) of the South Carolina Appellate Court Rules, a defendant must file a notice of direct appeal within ten days of his conviction. Thus, if a defendant does not file a direct appeal, then his conviction becomes final ten days after the adjudication of guilt. On the other hand, if a defendant does file a direct appeal, and if his conviction is affirmed, then the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris v. Hutchinson*, 209 F.3d 325, 327-28, n.1 (4th Cir. 2000).